UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:

**Dorothea Ollie-Barnes**

Social Security No.: xxx-xx-2929
Address: 2614 Lincoln Street, Durham, NC 27707-

Debtor

Case No. 09-82198

Chapter 13

REQUEST FOR PRODUCTION OF DOCUMENTS,
QUALIFIED WRITTEN REQUEST,
and
NOTIFICATION REQUESTING PAY-OFF

To:
Wells Fargo Bank, N. A.
**Attn: Managing Agent**
3476 Stateview Boulevard

Fort Mill, NC 29715-

Sean Corcoran
**Attorney**
5121 Parkway Plaza Drive
Suite 300
Charlotte, NC 28217-

ACCOUNT NUMBER: 3374

The Debtor above-named disputes the amount claimed by Wells Fargo Bank, N. A. as set forth in the Proof of Claim filed in this case, Motion for Relief, and/or other subsequent communications with the Debtor, Debtor's attorney, or Chapter 13 Trustee. The Debtor believes that her account may not have been properly credited for certain payments and/or that fees, costs and charges have been assessed improperly and/or without authorization.

Pursuant to Federal Rules of Bankruptcy Procedure 9014 and Rules 34 and 26 (b) F.R.Civ.P., the Debtor requests you to respond within 30 days to the following requests by producing for inspection and copying by Debtor's Attorney at his offices located at <u>1738-D Hillandale Rd., Durham, N.C. 27705</u>.

**In addition, this request shall also be considered a qualified written request under the Real Estate Settlement Procedures Act, codified as 12 U.S.C. § Section 2605(e) and Reg. X Section 3500.21(e)(1).** You should be advised that you must acknowledge receipt of this qualified written request within 20 business days, pursuant to 12 U.S.C. Section 2605(e)(1)(A) and Reg. X Section 3500.21(e)(1). You must then verify the accuracy of this account and provide the requested information within 60 business days.

**Furthermore, this request shall also be considered a Notification Requesting Payoff Statement under N.C.G.S. § 45-36.7(a).** You should be advised that you must provide this payoff within 10 days after the effective date of notification.

**This request shall also be considered a Request for Verification of a Debt pursuant to 15 U.S.C. § 1692 g (b).** You should be advised that you must provide this verification prior to the continuation of any collection activities, including, without limitation, a Motion for Relief from Stay or other litigation.

**This pleading is a request to identify the name, address, and telephone number of the current owner of the obligation and the Master Servicer of the obligation, pursuant to 15 U.S.C. § 1641(f)(2).** You should be advised that, pursuant to Regulation Z 226.36(c)(iii) and the Official Staff Commentary to such section, you must provide this information within five (5) business days or provide an explanation why a longer time period was necessary.

**Lastly, pursuant to Regulation Z 226.36(c)(iii), this pleading is a request for an accurate statement of the total outstanding balance that would be required to satisfy the Debtor's obligation in full as of the date 30 days from the date of this request.** You should be advised that, pursuant to Regulation Z 226.36(c)(iii) and the Official Staff Commentary to such section, you must provide this information within five (5) business days or provide an explanation why a longer time period was necessary.

**Unless separately agreed to in writing, each of these requests should be answered independently and in compliance with the separate deadlines.**

### Instructions For Request For Production Of Documents

You may produce a photocopy in lieu of the original of any document or thing requested.

This is an ongoing Request For Production of all documents of things now in existence or hereafter obtained at any time prior to final entry of judgment in this case. Federal Rule of Bankruptcy Procedure 7034 and Rule 34 F.R.Civ.P. provide, among other things that: Documents falling within this Request which must be produced are those which are in possession, custody, or control of you or your agents. You or your agents need not presently have physical custody, as the right to ask for and receive the documents or things is sufficient for them to fall within the group of documents or things to be produced in response to this Request.

You must either produce the documents as they are kept in your usual course of business, such as in their file jacket, or you must compile, organize and label them to correspond to the categories in this Request. If you object to a Request, you must state the <u>reason for objection in writing.</u> If you object to part of a Request, you must specify the part. If you object on the ground that the information sought is beyond the scope of discovery, you must nevertheless answer the Request to the extent that it is not objectionable. If you respond to a request for discovery with a response that is complete when made, you are nevertheless under a <u>duty to supplement the response</u> to include

information thereafter acquired. For instance, without limitation, you must supplement or amend your response, if you obtain information which shows (and failure to amend your response in light of such information is in substance a knowing concealment) your earlier response was incorrect when made, or your earlier response, although correct when made, is no longer true.

**Definitions For Request For Production Of Documents**

"Document", "writing" and "report" means any written or graphic matter or other means of preserving thought or expression and all tangible things in which information can be processed or transcribed including, but not limited to, correspondence, messages, telegrams, contracts, memoranda, studies, surveys, charts, drafts, books, financial statements, ledgers, transcripts, affidavits, tapes, tape recordings, video tapes or recordings, compact disk, optical disk, material read by laser scanning, computer disks, computer tapes, computer printouts, and information stored in data processing or retrieval systems, whether originals, copies of drafts, however produced or reproduced.

"You" means you and any predecessor-in-interest to the debt now owed to you by the Debtor.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please produce a document which sets for a detailed **payment history** concerning the debt owed to you by the Debtor, for the period from the date of the origination of the loan to the date of this request. Please make sure the payment history includes all of the following information:

1.  **Payoff Statement**, as of the date 30 days from the date of this request, including:

    a.  The date on which the payoff statement was prepared;
    b.  The current amount need to pay-off the loan in full, including the amount by type of each fee, charge or other sum included within the payoff statement;
    c.  The information reasonably necessary to calculate the payoff amount as of the requested payoff date, including the per diem interest amount;
    d.  The payment cutoff time, if any;
    e.  The address or place where payment must be made;
    f.  Any limitations as to the authorized method of payment; and
    g.  The amount of fees, if any, authorized under N.C.G.S. § 45-36.7 not otherwise included in this payoff statement.

    *The information requested under #1 is pursuant to N.C.G.S. § 45-36.7 and must be provided within 10 days of the effective date of this notification.*

    *The information requested under #1 is also pursuant to Regulation Z 226.36(c)(iii) and must be provided within five (5) business days or an explanation why a longer time period was necessary must be provided.*

2.  **Verification of Debt,** as of the date of this request, including, without limitation:

a. An itemization of the amount of the debt;
b. The name of the consumer;
c. A statement that the debt has not been paid; and
d. A statement that the creditor to whom the debt was originally owed, in consideration of the consumer's debt, had either delivered a merchantable product or properly rendered a service.

*The information requested under #2 is pursuant to 15 U.S.C. § 1692 g (b) and all collection activities, including litigation, must cease until it mails the verification to the Debtor's attorney.*

3. **Payment History**: A complete and itemized statement of the loan history from the date of the origination of the loan to the date of this request, including, but not limited to:

    a. **Charges and Debits:** Each and every monetary amount by which you charged to or debited to any and all of Debtor's account with you, whether concerning principal, interest, late charges, appraisal fees, insurance, taxes, foreclosure fees, attorney fees, legal costs, property inspections, property preservation, NSF check charges, escrow, appraisal or otherwise, including:

        i. Requested Information for all charges and debits:

            (1) The date of each and every charge or debit;
            (2) The amount of each and every charge or debit;
            (3) The resulting principal balance due and owing on the account;
            (4) The nature and purpose of each such charge or debit;
            (5) Identification of the provision under the Deed of Trust and/or note that authorizes charging each and every such fee against the loan of the Debtor.
            (6) The name, address and telephone number of the payee of any type of disbursement related to this account; and
            (7) The actual amount paid to such payee.

        ii. Requested information for specific charges and debits:

            (1) Attorneys Fees: A summary of all fixed or standard legal fees approved for any form of legal services rendered in connection with this account.

            (2) Escrow Accounts: A complete and itemized statement from the date of the origination of the loan to the date of this request of any escrow accounts and expenses related thereto, related in any way to this loan, including:

                (a) Copies of any and all communications with the Debtor regarding such accounts;

(b) The dates of any escrow analysis performed; and
(c) The results of any such escrow analysis.

(3) Forced-Placed Insurance: A complete and itemized statement from the date of the origination of the loan to the date of this request of any forced-placed insurance and expenses related thereto, related in any way to this loan.

(4) Loan Modification/Forbearance/Satisfaction Fees: A complete and itemized statement from the date of the origination of the loan to the date of this request of any fees incurred to modify, extend, or amend the loan or to defer any payment due under the terms of the loan or satisfaction fees., including copies of all communications with the Debtor.

(5) Proof of Claim Fees: A complete and itemized statement of the amount, payment date, purpose and recipient of all fees, whether actually charged or merely assessed, for the preparation and filing of the original proof of claim, any amended proofs of claim, or any supplemental proofs of claim in this case.

(6) Property Inspections: Please attach copies of all property inspection reports and appraisals.

(7) Real Property Taxes: A complete and itemized statement from the date of the origination of the loan to the date of this request of any real property taxes paid by you and the expenses related thereto, related in any way to this loan.

(8) Suspense Accounts: A complete and itemized statement from the date of the origination of the loan to the date of this request of any suspense account entries and/or any corporate advance entries related in any way to this loan, including, but not limited to, the balance in any such account or accounts and the nature, source and date of any and all funds deposited in such account or accounts.

b. **Payments and Credits:**

i. Each and every payment made by or on behalf of the Debtor to you from the date of the origination of the loan to the date of this request, including:

(1) The date of each and every payment;
(2) The amount of each and every payment; and
(3) The resulting principal balance due and owing on the account;
(4) The manner of payment, whether by personal check, money order, cashier's check, bank check or otherwise; and

        (5)    Any number or other information in your control that would further identify the payment, as for instance, and without limitation to the type of payment or type of information, check numbers, money order numbers, etc.

    ii.    Each and every amount, other than payments made by or on behalf of the Debtor, by which you credited the Debtor's account, from the date of the origination of the loan to the date of this request, including:

        (1)    The date of each and every payment;
        (2)    The amount of each and every payment; and
        (3)    The resulting principal balance due and owing on the account;
        (4)    The nature and purpose of each such payment;

4. **The Bankruptcy Worksheet**: The bankruptcy worksheet in an XLS Format prepared in this case by any of your employees, agents, or third-party providers of bankruptcy services.

5. **Key or Dictionary:** A legend and/or detailed explanation of all transaction codes and other similar terms used in the statements requested above sufficient to allow for a layman's full understanding of all the data provided.

*The information requested under #3, #4 & #5 is pursuant to the Federal Rules of Bankruptcy Procedure 9014 and Rules 34 and 26 (b) F.R.Civ.P. and must be provided within 30 days.*

*This information is also requested pursuant to the Real Estate Settlement Procedures Act, codified as 12 U.S.C. § Section 2605(e) and Reg. X Section 3500.21(e)(1). You must acknowledge receipt of this request within 20 business days and provide the requested information within 60 business days.*

6. **Identification of Owner of the Obligation and Master Servicer:** Identify the name, address, and telephone number of the current owner of the obligation and the Master Servicer of the obligation.

*The information requested under #6 is pursuant to to Regulation Z 226.36(c)(iii) and the Official Staff Commentary to such section and must be provided within five (5) business days or provide an explanation why a longer time period was necessary.*

Date: August 4, 2011

        **LAW OFFICES OF JOHN T. ORCUTT, P.C.**

        <u>/s Edward Boltz</u>
        Edward Boltz
        Attorney for Debtor
        North Carolina State Bar No.: 23003
        6616-203 Six Forks Rd.
        Raleigh, N.C. 27615
        (919) 847-9750

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:

**Dorothea Ollie-Barnes**

Case No. 09-82198
Chapter 13

Social Security No.: xxx-xx-2929
Address: 2614 Lincoln Street, Durham, NC 27707-

Debtor

## CERTIFICATE OF SERVICE

I, Renee Nolte, of the Law Offices of John T. Orcutt, P.C., certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age, and that on August 4, 2011, I served copies of the foregoing **REQUEST FOR PRODUCTION OF DOCUMENTS, QUALIFIED WRITTEN REQUEST, and NOTIFICATION REQUESTING PAY-OFF** by **certified mail, return receipt requested**, upon the following parties:

Wells Fargo Bank, N. A.
**Attn: Managing Agent**
3476 Stateview Boulevard
Fort Mill, NC 29715-

Sean Corcoran
**Attorney**
5121 Parkway Plaza Drive
Suite 300
Charlotte, NC 28217-

/s Renee Nolte
Renee Nolte

Ollie-barnes 09-82198 QWR.wpd (rev. November 10, 2009)